JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY (CSBN 176106)
Chief Counsel for FLSA Litigation
GRACE A. KIM, Trial Attorney (CSBN 247456)
Office of the Solicitor
United States Department of Labor
350 S. Figueroa St., Suite 370
Los Angeles, California 90071
Direct: (213) 894-3950
Facsimile:  (213) 894-2064
Email: kim.grace@dol.gov

Attorneys for Plaintiff
United States Department of Labor

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| **THOMAS E. PEREZ,** Secretary of Labor, United States Department of Labor, <br><br> Plaintiff, <br><br> v. <br><br> **PRATT COMMUNICATIONS, INC.,** a corporation; **KEVIN PRATT,** an individual, <br><br> Defendants. | **Case No.**  16-cv-01950-APG-CWH <br><br><br> **CONSENT JUDGMENT & ORDER** |

Plaintiff Secretary of Labor THOMAS E. PEREZ ("Plaintiff" or the "Secretary") and Defendants PRATT COMMUNICATIONS, INC. and KEVIN PRATT (collectively, "Defendants") consent to the entry of this Consent Judgment for violations of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. §§ 201, et seq.) ("FLSA" or the "Act").

## I.    BACKGROUND

The Secretary previously filed a civil action, Case No. 2:06-cv-00400-PMP-RJJ ("Prior FLSA Action"), against Defendants, among others, alleging that Defendants

failed to properly compensate their employees and violated the FLSA's minimum wage, overtime, and recordkeeping requirements.

The Secretary and Defendants resolved the claims set forth in the Prior FLSA Action via a consent judgment, which was approved and entered by the Court on January 11, 2008.  (Case No. 2:06-cv-00400-PMP-RJJ, Dkt. 84.)

In or around August 2012, the Secretary initiated another investigation to determine whether Defendants were properly compensating their employees and in compliance with the FLSA's requirements.  The subsequent investigation uncovered that Defendants were again in violation of the FLSA.  Namely, the investigation disclosed that although Defendants' Nevada cable installer employees worked over forty (40) hours in a workweek during their training periods, they were only paid for forty (40) hours regardless of the number of hours they actually worked.  The Secretary's investigation determined that Defendants had again violated the FLSA's minimum wage, overtime, and recordkeeping requirements.

Rather than initiating contempt proceedings for violation of the earlier consent judgment, the Secretary and Defendants have agreed to resolve these new FLSA claims by the instant proposed Consent Judgment which contains enhanced compliance measures and where Defendants expressly admit their numerous FLSA violations.

## I.   LIABILITY

1. The Secretary filed a Complaint alleging that Defendants violated Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 206, 207, 211(c), 215(a)(2), and 215(a)(5).  (Dkt. 1.)

2. Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action.

3. Defendants further admit that venue lies in the district court for the District of Nevada.

4. The Secretary and Defendants waive Findings of Fact and Conclusions of Law and agree to entry of this Consent Judgment.

5.  Defendants acknowledge that they and any individual or entity acting on their be-
    half or at their direction have notice of, and understand, the provisions of this
    Consent Judgment and Order.

6.  Defendants admit that at all relevant times PRATT COMMUNICATIONS, INC.
    was an enterprise engaged in commerce or in the production of goods for com-
    merce within the meaning of Section 3(s)(1)(A) of the FLSA, 29 U.S.C. §
    203(s)(1)(A).

7.  Defendants admit that at all relevant times PRATT COMMUNICATIONS, INC.
    and KEVIN PRATT were employers of PRATT COMMUNICATIONS, INC.
    employees within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

8.  Defendants admit that during the period from June 1, 2010 through May 31, 2013
    (the "Subject Period"), Defendants willfully failed to pay minimum wage to some
    of their employees.  These violations occurred as a result of Defendants' practice
    of paying some cable installer employees for only 40 hours worked in a training
    workweek, even though these employees actually worked longer hours.  Defend-
    ants admit that this conduct violated Sections 6 and 15(a)(2) of the FLSA.

9.  Defendants admit that during the Subject Period, Defendants willfully failed to
    pay certain Nevada cable installer employees time and a half their regular rate for
    hours that employees worked over 40 in a workweek.  These violations occurred
    as a result of Defendants' practice of paying some Nevada cable installer employ-
    ees for only 40 hours worked in a training workweek, even though these employ-
    ees actually worked longer hours.  Defendants admit that this conduct violated
    Sections 7 and 15(a)(2) of the FLSA.

10. Defendants admit that during the Subject Period, Defendants willfully failed to
    make, keep, and preserve records of the wages, hours, and other conditions and
    practices of employment for Defendants' Nevada cable installer employees.  De-
    fendants admit that this conduct violated Section 11(c) of the FLSA, 29 U.S.C. §
    211(c).

1    11. Defendants understand and expressly acknowledge that demanding or accepting
2        any of the monies due to any current or former employees under this Consent
3        Judgment and Order, threatening any employee for accepting monies due under
4        this Consent Judgment and Order, or threatening any employee for exercising any
5        of his or her rights under or related to the FLSA is specifically prohibited and may
6        subject Defendants to equitable and legal damages, including punitive damages
7        and civil contempt.

8    **II.    INJUNCTION**

9        It is therefore, upon motion of the attorneys for the Secretary, and for cause
10   shown, HEREBY

11       ORDERED, ADJUDGED, AND DECREED that under Section 17 of the FLSA,
12   29 U.S.C. § 217, Defendants PRATT COMMUNICATIONS, INC. and KEVIN PRATT
13   and their officers, agents, servants, successors, employees, and any individuals acting on
14   their behalf or at their direction are permanently enjoined and restrained from violating
15   the provisions of the FLSA, in any of the following manners:

16   1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the FLSA, 29 U.S.C.
17       §§ 206 and 215(a)(2), pay any of their employees who in any workweek are en-
18       gaged in commerce or in the production of goods for commerce or who are em-
19       ployed in an enterprise engaged in commerce or in the production of goods for
20       commerce, within the meaning of the FLSA, wages at a rate less than $7.25 per
21       hour (or at a rate less than the applicable federal minimum wage as defined by the
22       FLSA).

23   2.  Defendants shall not, contrary to Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C.
24       §§ 207 and 215(a)(2), pay any of their employees who in any workweek are en-
25       gaged in commerce or the production of goods for commerce, or who are em-
26       ployed in an enterprise engaged in commerce or in the production of goods for
27       commerce, within the meaning of the FLSA, less than time and one half the em-
28       ployees' regular rate for hours worked in excess of 40 hours in a workweek.

3. Defendants shall not, contrary to Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and 29 C.F.R. Part 516, fail to make, keep, and preserve accurate records of the wages, hours, and other work conditions and practices of each and every employee who performs any work for Defendants.

4. Defendants shall not, contrary to Section 15(a)(3) of the FLSA, 29 U.S.C. 215(a)(3), take any action to deter employees from asserting their rights under the FLSA or interfere with any Department of Labor investigation of wage or other violations.  This means that Defendants shall not coerce, intimidate, or discipline employees whom they believe have reported complaints or provided information to the Department of Labor, or attempt to deter complaints made to the Department of Labor.

5. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall provide each of their current Nevada cable installer employees with a copy of the Notice of Rights, as set forth in the attached **Exhibit A**, which summarizes the terms of this Consent Judgment and Order and provides guidance from the U.S. Department of Labor regarding employees' rights under the FLSA.

6. Within 30 (thirty) calendar days of the date of entry of this Consent Judgment and Order, Defendants shall take the following steps to help ensure that all of Defendants' Nevada cable installer employees are aware of their rights under the FLSA:

a. Defendants shall post **Exhibit A** in prominent locations at Defendants' current Nevada facilities (for example, near the work site's front door, restrooms, and in break rooms);

b. Defendants shall provide a copy of **Exhibit A** with the first two paychecks for the first two pay periods following entry of this Consent Judgment and Order to all current Nevada cable installer employees; and

c. Defendants shall provide a copy of **Exhibit A** to all newly hired Nevada cable in-
staller employees on or before the date when the employee begins performing
work for Defendants.

7. Within ten (10) calendar days of the date that Defendants sign this Consent Judg-
ment and Order, Defendants shall display U.S. Department of Labor-approved
posters regarding the minimum wage and overtime provisions of the FLSA in a
prominent location at Defendants' Nevada work sites (for example, near the work
site's front door, restrooms, and in break rooms).  Copies of these posters are
available for download and printing at:
http://www.dol.gov/whd/regs/compliance/posters/flsa.htm.

### III.   MONIES DUE

1. IT IS FURTHER ORDERED that Defendants shall not withhold payment of
**$67,815.00**, which represents the unpaid minimum wage and overtime wages
found due to those of Defendants' Nevada cable installer employees in the at-
tached **Exhibit B** for Defendants' FLSA violations during the Subject Period,
as well as **$67,815.00** in liquidated damages as permitted pursuant to authority
expressly provided in Section 16(b) of the FLSA, and civil money penalties in
the amount of **$37,620.00**, as permitted pursuant to authority expressly provid-
ed in Section 16(e)(2) of the FLSA.

2. Defendants and their officers, agents, servants, successors, employees, and any
individuals acting on their behalf or at their direction shall not:

a. Request, solicit, suggest, or coerce, directly or indirectly, any employee to
return or to offer to return to Defendants or to someone else for Defendants,
any monies in the form of cash, check, or any other form, for wages previ-
ously due or to become due in the future to employees under the provisions
of this Consent Judgment and Order or the FLSA;

   b.  Accept, or receive from any employee, either directly or indirectly, any monies in the form of cash, check, or any other form, for wages paid to employees under the provisions of this Consent Judgment and Order or the FLSA; or

   c.  Discharge or in any other manner discriminate, solicit or encourage anyone else to discriminate, against any employee because he or she has received or retained monies due to him or her from Defendants under the provisions of this Consent Judgment and Order or the FLSA.

FURTHER, JUDGMENT IS HEREBY ENTERED, under Section 16(c) of the FLSA, in favor of the Secretary as a judgment owed to the United States of America and against Defendants in the total amount of **$173,250.00** ("Judgment Amount") which is comprised of **$45,210.00** in unpaid minimum wages owed by Defendants; **$22,605.00** in unpaid overtime wages owed by Defendants; **$67,815.00** in liquidated damages; and **$37,620.00** in civil money penalties.

## IV.   **PAYMENT**

1. Defendants shall pay to the Secretary the minimum wage back wages found due, as set forth in greater detail in Paragraph IV. 5., below, for the Subject Period to Defendants' Nevada cable installer employees named in **Exhibit B**, attached and incorporated by reference.

2. Defendants shall pay to the Secretary the overtime back wages found due, as set forth in greater detail in Paragraph IV. 5., below, for the Subject Period to Defendants' employees named in **Exhibit B**, attached and incorporated by reference.

3. Defendants shall pay to the Secretary the liquidated damages found due, as set forth in greater detail in Paragraph IV. 5., below, for the Subject Period to Defendants' employees named in **Exhibit B**, attached and incorporated by reference.

4. Defendants shall pay to the Secretary the civil money penalties found due, as set forth in greater detail in Paragraph IV. 5., below, for the Subject Period.

5. Defendants shall pay the monies due under this Consent Judgment and Order as follows:

   a. Within thirty (30) calendar days of the Court's approval of this Consent Judgment and Order, Defendants shall deliver to the United States Department of Labor, Wage and Hour Division, Attn: Richard Quezada, 600 Las Vegas Blvd., Suite 550, Las Vegas, NV, 89101-6654, a schedule containing: (1) the employer's name, employer identification number(s), employer addresses and telephone numbers, and (2) for each employee listed in the attached **Exhibit B**, if known, the employee's last known home address, email address, Social Security number, home telephone number, and mobile telephone number.

   b. By September 1, 2016, and as outlined in the attached **Exhibit C**, Defendants shall deliver to the Secretary a cashier's or certified check in the amount of $18,810.00 made payable to "Wage and Hour Div., Labor" with "Pratt Communications - CMPs" listed in the check's memo line. Along with this payment, Defendants shall provide the Secretary with copies of all employee time records for the preceding month for Defendants' Nevada cable installer employees.

   c. By October 1, 2016, and as outlined in the attached **Exhibit C**, Defendants shall deliver to the Secretary a cashier's or certified check in the amount of $18,810.00 made payable to "Wage and Hour Div., Labor" with "Pratt Communications - CMPs" listed in the check's memo line. Along with this payment, Defendants shall provide the Secretary with copies of all employee time records for the preceding month for Defendants' Nevada cable installer employees.

   d. Thereafter, beginning on the first day of the following month, and for the next consecutive sixteen (16) months, Defendants shall deliver to the Secretary a cashier's or certified check in the amounts set forth in the attached **Exhibit C**, for a total payment of $135,630.00 over those sixteen (16) months. Each check shall also be made payable to "Wage and Hour Div., Labor" with "Pratt Communications" listed in the check's memo line. Along with each monthly payment, Defendants

shall provide the Secretary with all copies of employee time records for the pre-
ceding month for Defendants' Nevada cable installer employees.

6. All checks to be delivered to the Secretary shall be sent by U.S. Mail or hand de-
livered to:

> United States Department of Labor
> Wage and Hour Division
> Attn: Richard Quezada
> 600 Las Vegas Blvd., Suite 550
> Las Vegas, NV, 89101-6654

7. The Secretary shall distribute the payments described above as back wages to the
employees identified in the attached **Exhibit B**, or if necessary to the employees'
estates. The Secretary shall make the required legal deductions for the employ-
ee's portion of Social Security and federal income tax withholding, and remit
these amounts to the appropriate government agencies. Any monies not distribut-
ed to employees within three (3) years from the date of the Secretary's receipt of a
payment, because of an inability to locate the proper persons or because of their
refusal to accept it, the Secretary shall deposit the payment into the Treasury of
the United States as miscellaneous receipts under 29 U.S.C. § 216(c).

8. IT IS FURTHER ORDERED that each party shall bear its own fees and expenses
(including court costs) incurred by the party in connection with any stage of this
proceeding to date, including but not limited to attorney's fees, which may be
available under the Equal Access to Justice Act, as amended.

9. IT IS FURTHER ORDERED that the parties to the Complaint shall comply with
the terms of this Consent Judgment and Order;

10. IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this action
for purposes of enforcing compliance with the terms of this Consent Judgment and
Order.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT JUDGE
Dated: August 17, 2016

1   Entry of this Consent Judgment and Order is hereby consented to:

2

3                        M. PATRICIA SMITH

4                        Solicitor of Labor

5                        JANET M. HEROLD

6                        Regional Solicitor

7                        SUSAN SELETSKY

8                        Chief Counsel for FLSA Litigation

9   Dated: August 3, 2016

10                       GRACE A. KIM

11                      Trial Attorney

12                      Attorneys for Plaintiff Secretary of Labor

13

14

15   Dated: August 1, 2016

16                      For Defendant PRATT COMMUNICATIONS, INC.

17

18                      By: Kevin Pratt President

19                      (Print Name & Title)

20

21   Dated: August 1, 2016

22                      Defendant KEVIN PRATT

23

24   This Consent Judgment is approved as to form by:

25

26   Dated: August 3, 2016

27                      RAFAEL G. NENDEL-FLORES

                        Ogletree, Deakins, Nash, Smoak & Stewart, P.C.

28                      Attorney for Defendants

1

## EXHIBIT A

2

3

## NOTICE OF RIGHTS TO EMPLOYEES

4

5

    If you are an employee for PRATT COMMUNICATIONS, INC. and KEVIN

6

PRATT (for example, a field technician/cable installer), at a minimum, you must be:

7

- Paid at least the federal minimum wage (currently $7.25 per hour) for all
  hours worked

8

9

- Paid at time and a half for all hours worked over 40 in a workweek

10

- Paid for all hours worked, including time spent traveling to and from work
  locations, time spent picking up and returning equipment, time spent before
  and after your shift if necessary to your work. All hours spent doing your
  job is time for which you must be paid.

11

12

13

    You are also entitled to review your time and pay records to ensure that they are

14

correct.

15

    You are entitled to complain to your employer, without fear of retaliation, if you

16

are not paid correctly or the records are not accurate.

17

    You are entitled to complain to the U.S. Department of Labor, without fear of

18

retaliation by your employer, if you are not paid correctly or the records are not

19

accurate.

20

    You should also know that federal law sets the minimum standards of pay and

21

hours to which you are entitled. You may be entitled to greater rights under state law.

22

    **You may make a confidential report of potential violations or learn your**

23

**rights by notifying the U.S. Department of Labor, 1-866-4US-WAGE or visit**

24

**www.wagehour.dol.gov**

25

26

27

28

**EXHIBIT B**

## AMOUNTS DUE TO CERTAIN NEVADA CABLE INSTALLER EMPLOYEES

| No. | Employee Last Name | Employee First Name | Period Covered | Back Wages Due | Liquidated Damages Due | Total Due |
|---|---|---|---|---|---|---|
| 1 | Aguayo | Antonio | 7/14/12-7/21/12 | $123.75 | $123.75 | $247.50 |
| 2 | Aguilar | Alex | 8/6/11-9/3/11 | $495.00 | $495.00 | $990.00 |
| 3 | Aguirre | Felicita | 9/8/12-9/29/12 | $371.25 | $371.25 | $742.50 |
| 4 | Allen | Justin | 6/23/12-7/14/12 | $371.25 | $371.25 | $742.50 |
| 5 | Alvarado | Marco | 10/20/12-11/24/12 | $618.75 | $618.75 | $1,237.50 |
| 6 | Ausiello | Ernest | 10/6/12-10/20/12 | $247.50 | $247.50 | $495.00 |
| 7 | Austin | Bobby | 7/14/12-8/4/12 | $371.25 | $371.25 | $742.50 |
| 8 | Barrios | Miguel | 9/10/11-10/1/11 | $371.25 | $371.25 | $742.50 |
| 9 | Bidlack | Donald | 9/15/12-10/13/12 | $495.00 | $495.00 | $990.00 |
| 10 | Bretado | Omar | 9/8/12-10/13/12 | $618.75 | $618.75 | $1,237.50 |
| 11 | Brito | Samuel | 6/23/12-7/14/12 | $371.25 | $371.25 | $742.50 |
| 12 | Bruns | Todd | 10/6/12-10/20/12 | $247.50 | $247.50 | $495.00 |
| 13 | Burrell | Kenneth | 9/25/10-10/2/10 | $123.75 | $123.75 | $247.50 |
| 14 | Cale | Thomas | 2/23/13-4/6/13 | $618.75 | $618.75 | $1,237.50 |
| 15 | Campo | Godfrey | 4/28/12-5/19/12 | $371.25 | $371.25 | $742.50 |
| 16 | Castillo | Vlad | 2/23/13-3/2/13 | $123.75 | $123.75 | $247.50 |
| 17 | Chavez | Jorge | 3/19/11-3/26/11 | $123.75 | $123.75 | $247.50 |
| 18 | Chavez | Mauricio | 7/21/12-8/11/12 | $371.25 | $371.25 | $742.50 |
| 19 | Chavez-Guzman | Jose | 9/22/12-10/13/12 | $371.25 | $371.25 | $742.50 |
| 20 | Choitz | Kurtis | 9/1/12-9/29/12 | $495.00 | $495.00 | $990.00 |
| 21 | Chung | Brice | 8/21/10-9/11/10 | $247.50 | $247.50 | $495.00 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| 22 | Cochran, Jr. | Robert | 9/22/12-10/27/12 | $618.75 | $618.75 | $1,237.50 |
|---|---|---|---|---|---|---|
| 23 | Coignard | Christopher | 4/30/11-5/21/11 | $371.25 | $371.25 | $742.50 |
| 24 | Conic | Dusan | 6/30/12-7/28/12 | $616.75 | $616.75 | $1,237.50 |
| 25 | Conner | Andrew | 5/19/12-6/16/12 | $371.25 | $371.25 | $742.50 |
| 26 | Cooper, Jr. | Jeffrey | 12/25/10-2/5/11 | $742.50 | $742.50 | $1,485.00 |
| 27 | Corley | Andrew | 10/29/11-12/3/11 | $371.25 | $371.25 | $742.50 |
| 28 | Cornwell, Jr. | Lewis | 10/20/12-10/27/12 | $123.75 | $123.75 | $247.50 |
| 29 | Crayton | Richard | 9/22/12-10/20/12 | $495.00 | $495.00 | $990.00 |
| 30 | Crosta | Jason | 9/25/10-10/2/10 | $123.75 | $123.75 | $247.50 |
| 31 | Cruz | Juan | 7/21/12-8/11/12 | $371.25 | $371.25 | $742.50 |
| 32 | Cuevas | Pablo | 9/10/11-10/1/11 | $371.25 | $371.25 | $742.50 |
| 33 | Cuevas, Jr. | Leopoldo | 3/17/12-3/31/12 | $247.50 | $247.50 | $495.00 |
| 34 | Cundari | Michael | 9/11/10-10/2/10 | $371.25 | $371.25 | $742.50 |
| 35 | Curl | David | 9/1/12-9/22/12 | $371.25 | $371.25 | $742.50 |
| 36 | De la Cruz | Edher | 12/15/12-1/19/13 | $618.75 | $618.75 | $1,237.50 |
| 37 | Dedmon | Michael | 10/15/11-11/12/11 | $495.00 | $495.00 | $990.00 |
| 38 | Dedmon, Jr. | Kenneth | 2/9/13-3/16/13 | $495.00 | $495.00 | $990.00 |
| 39 | Deiterman | Matthew | 7/23/11-8/6/11 | $247.50 | $247.50 | $495.00 |
| 40 | Delgado | Joel | 3/12/11-4/16/11 | $618.75 | $618.75 | $1,237.50 |
| 41 | Dominguez | Ruben | 12/15/12-1/19/13 | $495.00 | $495.00 | $990.00 |
| 42 | Duarte | Armando | 9/15/12-10/13/12 | $495.00 | $495.00 | $990.00 |
| 43 | Dyer | Bryce | 4/21/12-5/12/12 | $371.25 | $371.25 | $742.50 |
| 44 | Erhart | Jeffrey | 3/23/13-4/20/13 | $495.00 | $495.00 | $990.00 |
| 45 | Estrada | Luis | 6/11/11-11/17/12 | $742.50 | $742.50 | $1,485.00 |
| 46 | Faber, Jr. | Lloyd | 7/16/11-7/23/11 | $123.75 | $123.75 | $247.50 |
| 47 | Fields | Damario | 9/4/10-9/25/10 | $371.25 | $371.25 | $742.50 |

| | | | | | | |
|---|---|---|---|---|---|---|
| 48 | Flanagan | Scott | 7/2/11-7/16/11 | $247.50 | $247.50 | $495.00 |
| 49 | Flores | Mharlon | 10/2/10-10/23/10 | $371.25 | $371.25 | $742.50 |
| 50 | Garcia | Alan | 10/20/12-10/27/12 | $123.75 | $123.75 | $247.50 |
| 51 | Garcia | Daniel | 10/2/10-10/23/10 | $371.25 | $371.25 | $742.50 |
| 52 | Garcia-Alarcon | Israel | 10/15/11-10/22/11 | $123.75 | $123.75 | $247.50 |
| 53 | Geene | Michael | 10/2/10-10/16/10 | $247.50 | $247.50 | $495.00 |
| 54 | Ghisilieri | Carlos | 9/15/12-9/29/12 | $247.50 | $247.50 | $495.00 |
| 55 | Givehand | Morrice | 3/31/12-5/5/12 | $618.75 | $618.75 | $1,237.50 |
| 56 | Godoy | Cesar | 4/14/12-5/12/12 | $495.00 | $495.00 | $990.00 |
| 57 | Gomez | Hector | 7/21/12-8/18/12 | $495.00 | $495.00 | $990.00 |
| 58 | Goniwicha | Jeffrey | 11/10/12-12/15/12 | $618.75 | $618.75 | $1,237.50 |
| 59 | Gonzalez | David | 6/30/12-7/14/12 | $247.50 | $247.50 | $495.00 |
| 60 | Gonzalez | Hector | 4/16/11-5/21/11 | $618.75 | $618.75 | $1,237.50 |
| 61 | Gonzalez-Hernandez | Gustavo | 1/22/11-1/29/11 | $123.75 | $123.75 | $247.50 |
| 62 | Gusmerotti | Maica | 10/20/12-11/17/12 | $495.00 | $495.00 | $990.00 |
| 63 | Gutierrez | Dave | 7/3/10-8/14/10 | $618.75 | $618.75 | $1,237.50 |
| 64 | Hamby | Jesse | 3/12/11-3/19/11 | $123.75 | $123.75 | $247.50 |
| 65 | Hasipi | Mevludon | 2/9/13-3/23/13 | $618.75 | $618.75 | $1,237.50 |
| 66 | Hernandez | Juan | 7/21/12-8/18/12 | $495.00 | $495.00 | $990.00 |
| 67 | Hernandez | Oscar | 3/31/12-5/12/12 | $742.50 | $742.50 | $1,485.00 |
| 68 | Herrera Le-on | Gregorio | 10/20/12-11/24/12 | $618.75 | $618.75 | $1,237.50 |
| 69 | Hoover | Christopher | 2/12/11-3/19/11 | $618.75 | $618.75 | $1,237.50 |
| 70 | Hopson | Chad | 5/12/12-6/16/12 | $618.75 | $618.75 | $1,237.50 |
| 71 | House | William | 10/15/11-11/19/11 | $618.75 | $618.75 | $1,237.50 |

| 72 | Huerta | Anthony | 7/14/12-8/18/12 | $618.75 | $618.75 | $1,237.50 |
| 73 | Humphrey | Nicholas | 1/28/12-2/18/12 | $371.25 | $371.25 | $742.50 |
| 74 | James | Robert | 2/26/11-3/19/11 | $371.25 | $371.25 | $742.50 |
| 75 | Johnson | Jeremiah | 10/27/12-11/24/12 | $495.00 | $495.00 | $990.00 |
| 76 | Jordan | Joel | 12/25/10-1/29/11 | $618.75 | $618.75 | $1,237.50 |
| 77 | Kersey | Nicholas | 12/22/12-12/29/12 | $123.75 | $123.75 | $247.50 |
| 78 | King | Nicolas | 1/1/11-1/29/11 | $495.00 | $495.00 | $990.00 |
| 79 | Klinkner | Christopher | 8/13/11-9/24/11 | $618.75 | $618.75 | $1,237.50 |
| 80 | Labelle | Scott | 4/30/11-7/2/11 | $742.50 | $742.50 | $1,485.00 |
| 81 | Lambert | Matthew | 6/25/11-7/2/11 | $123.75 | $123.75 | $247.50 |
| 82 | Lambertus | Hendrix | 7/16/11-8/6/11 | $371.25 | $371.25 | $742.50 |
| 83 | Lancara-Lane | Yanquiel | 12/15/12-1/12/13 | $247.50 | $247.50 | $495.00 |
| 84 | Lopez | Jose | 12/15/12-1/12/13 | $495.00 | $495.00 | $990.00 |
| 85 | Maddox | Christopher | 12/29/12-1/12/13 | $247.50 | $247.50 | $495.00 |
| 86 | Madril | Michael | 2/23/13-4/6/13 | $618.75 | $618.75 | $1,237.50 |
| 87 | Maness | Adam | 7/7/12-7/28/12 | $371.25 | $371.25 | $742.50 |
| 88 | Marquez | Ivan | 1/12/13-1/19/13 | $123.75 | $123.75 | $247.50 |
| 89 | Martinez Zamora | Daniel | 11/10/12-12/29/12 | $866.25 | $866.25 | $1,732.50 |
| 90 | Means | Ethan | 5/14/11-6/25/11 | $742.50 | $742.50 | $1,485.00 |
| 91 | Mercado | Jonathan | 4/21/12-5/12/12 | $371.25 | $371.25 | $742.50 |
| 92 | Molina | Carlos | 10/6/12-10/20/12 | $247.50 | $247.50 | $495.00 |
| 93 | Molloy | Robert | 6/23/12-7/14/12 | $371.25 | $371.25 | $742.50 |
| 94 | Monroy Ortiz | Osvaldo | 9/8/12-9/15/12 | $123.75 | $123.75 | $247.50 |
| 95 | Moore | Jeremiah | 7/31/10-8/28/10 | $495.00 | $495.00 | $990.00 |

| 96 | Morris | Justin | 9/1/12-9/29/12 | $495.00 | $495.00 | $990.00 |
| 97 | Morris | Wayne | 6/25/11-7/16/11 | $371.25 | $371.25 | $742.50 |
| 98 | Mucklow | Jeremy | 3/19/11-4/16/11 | $495.00 | $495.00 | $990.00 |
| 99 | Mundo | Kevin | 10/29/11-12/3/11 | $618.75 | $618.75 | $1,237.50 |
| 100 | Negaard | Mark | 4/30/11-5/28/11 | $495.00 | $495.00 | $990.00 |
| 101 | Norman | Charles | 7/7/12-7/14/12 | $123.75 | $123.75 | $247.50 |
| 102 | Ohan | Avedis | 1/12/13-1/19/13 | $123.75 | $123.75 | $247.50 |
| 103 | Olivas | Jose | 8/13/11-9/3/11 | $371.25 | $371.25 | $742.50 |
| 104 | Olson | Bryan | 3/12/11-4/23/11 | $742.50 | $742.50 | $1,485.00 |
| 105 | Oprea | Loan | 5/7/11-5/14/11 | $123.75 | $123.75 | $247.50 |
| 106 | Ortega | Adrian | 5/12/12-5/19/12 | $123.75 | $123.75 | $247.50 |
| 107 | Ostrander | Greg | 6/4/11-6/11/11 | $123.75 | $123.75 | $247.50 |
| 108 | Palma | Edgar | 5/25/13-6/1/13 | $123.75 | $123.75 | $247.50 |
| 109 | Pena Lopez | Giovanni | 1/5/13-1/12/13 | $123.75 | $123.75 | $247.50 |
| 110 | Pennel | William | 9/18/10-10/23/10 | $618.75 | $618.75 | $1,237.50 |
| 111 | Quesada | Mauricio | 10/29/11-12/3/11 | $495.00 | $495.00 | $990.00 |
| 112 | Quoie | Theodore | 4/6/13-4/20/13 | $247.50 | $247.50 | $495.00 |
| 113 | Rancher | Rodrick | 5/19/12-6/9/12 | $371.25 | $371.25 | $742.50 |
| 114 | Rankins | Leonard | 2/12/11-3/12/11 | $495.00 | $495.00 | $990.00 |
| 115 | Rawson | Benjamin | 5/25/13-6/1/13 | $123.75 | $123.75 | $247.50 |
| 116 | Reshani | Arjan | 11/24/12-1/19/13 | $742.50 | $742.50 | $1,485.00 |
| 117 | Reynoso | Jose | 2/12/11-3/12/11 | $495.00 | $495.00 | $990.00 |
| 118 | Rivkind | Justin | 7/7/12-7/21/12 | $371.25 | $371.25 | $742.50 |
| 119 | Roberts | Barton | 8/6/11-9/3/11 | $495.00 | $495.00 | $990.00 |
| 120 | Rodriguez | Acxel | 4/30/11-5/21/11 | $371.25 | $371.25 | $742.50 |
| 121 | Rodriguez Pena | Jorge | 10/20/12-11/24/12 | $618.75 | $618.75 | $1,237.50 |

| 122 | Rogers, Jr. | Arthur | 4/21/12-5/19/12 | $495.00 | $495.00 | $990.00 |
| 123 | Romo | Brian | 3/2/13-3/23/13 | $371.25 | $371.25 | $742.50 |
| 124 | Rood | Brian | 7/31/10-8/28/10 | $495.00 | $495.00 | $990.00 |
| 125 | Rose, Jr. | Daniel | 3/19/11-4/16/11 | $495.00 | $495.00 | $990.00 |
| 126 | Rose, Jr. | Robert | 4/30/11-5/28/11 | $495.00 | $495.00 | $990.00 |
| 127 | Ross | Christopher | 4/7/12-5/5/12 | $371.25 | $371.25 | $742.50 |
| 128 | Rossi | Michael | 7/21/12-8/11/12 | $495.00 | $495.00 | $990.00 |
| 129 | Ruelas | Jose | 4/16/11-5/28/11 | $742.50 | $742.50 | $1,485.00 |
| 130 | Ryan | Joshua | 8/6/11-10/1/11 | $618.75 | $618.75 | $1,237.50 |
| 131 | Salby | Michael | 10/29/11-11/12/11 | $123.75 | $123.75 | $247.50 |
| 132 | Santana | Javier | 6/4/11-6/4/11 | $123.75 | $123.75 | $247.50 |
| 133 | Sawyer | Travis | 6/23/12-7/14/12 | $371.25 | $371.25 | $742.50 |
| 134 | Scacco | Michael | 4/7/12-5/5/12 | $495.00 | $495.00 | $990.00 |
| 135 | Scheel | Garrett | 1/26/13-3/2/13 | $495.00 | $495.00 | $990.00 |
| 136 | Schoch | Christopher | 12/22/12-1/19/13 | $495.00 | $495.00 | $990.00 |
| 137 | Schwarz | Darrin | 6/25/11-7/23/11 | $495.00 | $495.00 | $990.00 |
| 138 | Scott | Blair | 9/25/10-10/23/10 | $495.00 | $495.00 | $990.00 |
| 139 | Smith | Joshua | 11/13/10-11/20/10 | $123.75 | $123.75 | $247.50 |
| 140 | Smith | Russell | 1/28/12-2/11/12 | $247.50 | $247.50 | $495.00 |
| 141 | Stoddard | Brandon | 7/30/11-8/13/11 | $247.50 | $247.50 | $495.00 |
| 142 | Sullivan | Joshua | 4/2/11-5/21/11 | $866.25 | $866.25 | $1,732.50 |
| 143 | Terk | Anthony | 8/13/11-9/3/11 | $371.25 | $371.25 | $742.50 |
| 144 | Thomas | James | 9/8/12-9/29/12 | $371.25 | $371.25 | $742.50 |
| 145 | Thompson | Edward | 7/7/12-7/28/12 | $247.50 | $247.50 | $495.00 |
| 146 | Torres | Cristhian | 1/15/11-1/22/11 | $123.75 | $123.75 | $247.50 |
| 147 | Townsend | Paul | 9/1/12-9/22/12 | $371.25 | $371.25 | $742.50 |
| 148 | Townsend | Tyjuan | 4/21/12-5/12/12 | $371.25 | $371.25 | $742.50 |

| 149 | Trancoso | Michael | 1/12/13-1/19/13 | $123.75 | $123.75 | $247.50 |
| 150 | Tucker | Scott | 10/6/12-10/20/12 | $247.50 | $247.50 | $495.00 |
| 151 | Tulley | Dustin | 7/16/11-8/6/11 | $371.25 | $371.25 | $742.50 |
| 152 | Vargas, Jr. | Santiago | 5/4/13-5/11/13 | $123.75 | $123.75 | $247.50 |
| 153 | Venegas | Jesus | 5/28/11-6/25/11 | $495.00 | $495.00 | $990.00 |
| 154 | Vong | Korey | 11/26/11-12/24/11 | $371.25 | $371.25 | $742.50 |
| 155 | Walker | Clint | 9/18/10-10/2/10 | $247.50 | $247.50 | $495.00 |
| 156 | Walker | Xavier | 6/23/12-7/14/12 | $371.25 | $371.25 | $742.50 |
| 157 | Wallen | John | 3/19/11-4/16/11 | $495.00 | $495.00 | $990.00 |
| 158 | Walsh | Shawn | 8/7/10-8/14/10 | $123.75 | $123.75 | $247.50 |
| 159 | Walther | Nicholas | 9/1/12-9/29/12 | $495.00 | $495.00 | $990.00 |
| 160 | Waltman | Matthew | 11/10/12-12/15/12 | $618.75 | $618.75 | $1,237.50 |
| 161 | Walton | Ralph | 7/7/12-7/21/12 | $247.50 | $247.50 | $495.00 |
| 162 | Watkins III | George | 9/10/11-10/8/11 | $495.00 | $495.00 | $990.00 |
| 163 | Westphal | Robert | 8/6/11-9/3/11 | $495.00 | $495.00 | $990.00 |
| 164 | White | David | 2/19/11-3/12/11 | $371.25 | $371.25 | $742.50 |
| 165 | Wilkerson | Brandon | 7/21/12-7/28/12 | $123.75 | $123.75 | $247.50 |
| 166 | Wilson | Ryan | 8/6/11-10/8/11 | $742.50 | $742.50 | $1,485.00 |
| 167 | Wright, Jr. | Darrel | 7/2/11-7/16/11 | $247.50 | $247.50 | $495.00 |
| 168 | Young | Keith | 12/31/11-1/7/12 | $123.75 | $123.75 | $247.50 |
| 169 | Young | Sean | 7/3/10-7/17/10 | $247.50 | $247.50 | $495.00 |
| 170 | Zepeda | Cristian | 1/14/12-1/21/12 | $123.75 | $123.75 | $247.50 |
| 171 | Zuniga | Johnny | 2/12/11-2/19/11 | $123.75 | $123.75 | $247.50 |
| **TOTAL** | | | | **$67,815.00** | **$67,815.00** | **$135,630.00** |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT C**

**INSTALLMENT PLAN PAYMENTS**

| Payment No. | Due Date | Amount Due |
|---|---|---|
| 1 | 09/01/2016 | $18,810.00 |
| 2 | 10/01/2016 | $18,810.00 |
| 3 | 11/01/2016 | $8,476.88 |
| 4 | 12/01/2016 | $8,476.88 |
| 5 | 01/01/2017 | $8,476.88 |
| 6 | 02/01/2017 | $8,476.88 |
| 7 | 03/01/2017 | $8,476.88 |
| 8 | 04/01/2017 | $8,476.88 |
| 9 | 05/01/2017 | $8,476.88 |
| 10 | 06/01/2017 | $8,476.88 |
| 11 | 07/01/2017 | $8,476.88 |
| 12 | 08/01/2017 | $8,476.88 |
| 13 | 09/01/2017 | $8,476.88 |
| 14 | 10/01/2017 | $8,476.88 |
| 15 | 11/01/2017 | $8,476.88 |
| 16 | 12/01/2017 | $8,476.88 |
| 17 | 01/01/2018 | $8,476.88 |
| 18 | 02/01/2018 | $8,476.80 |
| Total | | $173,250.00 (Judgment Amount) |